IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. BK08-41314 |
| | ) | |
| RAMSEY E. MILLS and | ) | CH. 13 |
| STACEY D. MILLS, | ) | |
| | ) | |
| Debtors. | ) | |
| RAMSEY E. MILLS and | ) | Adv. Proc. A14-4012 |
| STACEY D. MILLS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NATIONSTAR, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the court on a motion for default judgment (Fil. #5) filed by plaintiffs, Ramsey E. and Stacey D. Mills, against defendant, Nationstar. For the reasons that follow, the motion for default judgment is denied. I am doing so in the format of this written opinion so that the reasons for denial are clear and in the hope of avoiding similar issues in other cases in the future.

Mr. and Mrs. Mills were debtors in a Chapter 13 bankruptcy case in this district as indicated above, which case was completed and discharged in July 2013. The case was reopened for purposes of commencing this adversary proceeding. In this adversary proceeding, Mr. and Mrs. Mills assert causes of action against an entity referenced as "Nationstar" for liability under the Real Estate Settlement Procedures Act and for violation of Bankruptcy Rule 3002.1.

The first issue preventing entry of default judgment pertains to the name of the defendant. Defendant is listed in the complaint simply as "Nationstar." There are no allegations in the complaint to properly identify Nationstar. That is, what type of entity it may be, where it is organized, whether it has a registered agent in this state, etc. Such allegations are important for several reasons, not the least of which is to ensure that the named defendant is the proper name of the entity intended to be the defendant. There could be numerous entities having the word "Nationstar" in their proper name and, therefore, it is impossible to determine which entity is the defendant in this case. Accordingly, a lawsuit against a defendant simply identified as "Nationstar" is effectively a suit against no one, and default judgment is not appropriate.

Notwithstanding the foregoing, the court notes that in at least one of the allegations of the complaint there is a reference to "Nationstar Mortgage" as having received an assignment. Attached to the complaint are a variety of exhibits, one of which is an Assignment of Deed of Trust showing an assignment from the original lender to "Nationstar Mortgage, LLC" having an address in Lewisville, Texas. That helps somewhat in trying to identify the proper defendant, although it is still ambiguous

because no state of organization is listed. In any event, the named defendant in the complaint is not "Nationstar Mortgage, LLC of Lewisville, Texas." Therefore, the complaint needs to be amended in order to properly identify the defendant.

The next issue preventing entry of default judgment pertains to the manner of service of process. Plaintiffs filed a "Certificate of Service" of the summons and complaint checking a box for "Certified Mail Service on an Insured Depository Institution: By Sending the process by certified mail addressed to the following officer of the defendant at: NATIONSTAR MORTGAGE 350 HIGHLAND DRIVE LEWISVILLE, TX 75067."

Service of process is governed by Bankruptcy Rule 7004 and Federal Rule of Civil Procedure 4. Here, it appears that service was attempted to be made pursuant to the special rules for service of process on an insured depository institution pursuant to Bankruptcy Rule 7004(h). However, it is not clear whether "Nationstar," "Nationstar Mortgage," or "Nationstar Mortgage, LLC" would constitute an "insured depository institution" as defined in Section 3 of the Federal Deposit Insurance Act as required by that rule. Specifically, the Federal Deposit Insurance Act defines insured depository institution as "any bank or savings association the deposits of which are insured by the [FDIC] pursuant to this Act." If the defendant "Nationstar" is actually intended to be "Nationstar Mortgage, LLC," it is a limited liability company and, therefore, not a bank or savings association maintaining deposits insured by the FDIC. Thus, service of process using the special rules for insured depository institutions is inappropriate in this situation. Further, even if the defendant were an insured depository institution, the certificate of service shows that it was not directed to a specific person who is an officer of the institution, as required by the Rule.

Of course, there are other ways to serve corporations, partnerships, and limited liability companies. Bankruptcy Rule 7004(b)(3) authorizes service by first class mail "[u]pon a domestic or foreign corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent . . . ." Again, the attempt at serving this particular defendant failed to identify the officer or agent to whom the service was directed.

IT IS, THEREFORE, ORDERED that the motion for default judgment (Fil. #5) is denied. Plaintiffs shall have until May 1, 2014, to file an amended complaint naming a proper defendant and to commence proper service of process. Failure to do so may result in dismissal without further notice.

DATE: April 8, 2014.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Attorney of record for plaintiffs
    Kathleen Laughlin
    United States Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.